# UNITED STATES DISTRICT COURT
for the

Middle District of Georgia

| | |
|---|---|
| United States of America <br> v. <br> Frank Settambrino <br> Date of Original Judgment: 08/03/2022 <br> Date of Previous Amended Judgment: N/A <br> *(Use Date of Last Amended Judgment if Any)* | Case No: 5:21-CR-00041-002 (MTT) <br> USM No: 71036-509 <br> Katryna Lyn Spearman <br> *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2) (Amendment 821)

Upon motion of ☐ the defendant ☐ the Director of the Bureau of Prisons ☒ the Court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by Amendment 821 to the *United States Sentencing Guidelines*, and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☐ DENIED.  ☒ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of  90  months **is reduced to**  87  .

*(Complete Parts I and II of Page 2 when motion is granted)*

The defendant was originally sentenced on August 3, 2022, after pleading guilty to Conspiracy to Possess with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 846 i/c/w 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). When sentenced, the defendant had no criminal history points, his Criminal History Category was I, and his guideline imprisonment range was 108 to 135 months based on a Total Offense Level 31. The Court varied downward from this range, pursuant to 18 U.S.C. § 3553(a)(1), upon consideration of the nature and circumstances of the offense and the personal history and characteristics of the defendant.

On November 1, 2023, Amendment 821 to the *United States Sentencing Guidelines* went into effect, which was applied retroactively effective February 1, 2024, and created guideline USSG §4C1.1 which provides for a two-level reduction for certain "zero-point" offenders. Under this amended guideline, the defendant would be eligible for this two-level reduction, his Total Offense Level would become 29, and his guideline imprisonment range would be 87 to 108 months. The government concurs the defendant is eligible and recommends a sentence at the bottom of the amended range.

The Court thereby **GRANTS** the motion and reduces the imprisonment portion of the defendant's sentence to 87 months.

Except as otherwise provided, all provisions of the judgment dated  August 3, 2022  shall remain in effect.
**IT IS SO ORDERED**.

Order Date:  7/1/2024

S/ Marc T. Treadwell
*Judge's signature*

Effective Date: _____
*(if different from order date)*

Marc T. Treadwell, U.S. District Judge
*Printed name and title*

Page 2 of 2 (Page 2 Not for Public Disclosure)

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT: Frank Settambrino
CASE NUMBER: 5:21-CR-00041-002
DISTRICT: Middle Georgia

**I. COURT DETERMINATION OF GUIDELINE RANGE** *(Prior to Any Departures)*

Previous Total Offense Level: 31         Amended Total Offense Level: 29
Criminal History Category: I             Criminal History Category: I
Previous Guideline Range: 108 to 135 months   Amended Guideline Range: 87 to 108 months

**II. SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE**

☒ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ The reduced sentence is above the amended guideline range.

**III. ADDITIONAL COMMENTS**

The Court grants the motion for the reasons stated in the Order Regarding Motion for Sentence Reduction.